# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Zakariya Abdikarim,

    Petitioner,

v.

Immigration and Customs Enforcement –
St. Paul Field Office; Markwayne Mullin,
U.S. Secretary Homeland Security; and
Todd Blanche, U.S. Attorney General,

    Respondents.

Case No. 26-CV-2395 (LMP/SGE)

**REPORT AND RECOMMENDATION**

Petitioner Zakariya Abdikarim is currently serving a lengthy sentence for a conviction in state court on drug charges. *See State of Minnesota v. Abdikarim*, No. 56-CR-24-395 (Minn. Dist. Ct.). Abdikarim is also, independent of that conviction, subject to a final order of removal from the United States. U.S. Immigration and Customs Enforcement ("ICE") has lodged a detainer with the Minnesota Department of Corrections with respect to Abdikarim ("MDOC")—in effect, ICE has requested that MDOC notify the agency prior to Abdikarim's release so that ICE can take Abdikarim into its own custody in order to effectuate the removal order. Abdikarim contends in a petition for a writ of habeas corpus now before the Court that he cannot be removed to his native country of Somalia because he was granted protection from removal under the Convention Against Torture. Abdikarim asks that the Court declare the ICE detainer to be unlawful, because

1

(Abdikarim contends) ICE cannot lawfully take custody of him at the conclusion of his term of imprisonment if there is no likelihood that he will be removed to Somalia.

Abdikarim's habeas petition is now before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. As a result of that review, this Court concludes that the habeas petition should be summarily denied and this case dismissed.

There are two major problems with the habeas petition. The first problem is that Abdikarim has not plausibly alleged that the ICE detainer is, in fact, unlawful. That Abdikarim has been barred from removal to Somalia does not mean that he cannot be removed from the United States, *see* 8 U.S.C. § 1231(b)(2)(E), and the federal government will be entitled to take Abdikarim into its custody in order to effectuate a third-country removal should such a removal be "reasonably foreseeable" when Abdikarim is taken into federal custody, *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). It is entirely too early to say whether a third-country removal will or will not be reasonably foreseeable several years from now when Abdikarim's term of imprisonment ends, and thus it is entirely too early to say whether an effort by the federal government to bring Abdikarim into custody—if such an effort is made—will prove to be unlawful. Abdikarim's claim is premature.

The second problem with the petition is that Abdikarim has already sought habeas relief on an identical basis. *See Abdikarim v. Pugh*, No. 26-CV-2021 (JRT/LIB) (D. Minn. filed Mar. 24, 2026). That matter remains pending, though the petition in that matter has also been recommended for denial because the claims being brought have been raised prematurely. "A litigant cannot file duplicative habeas petition after duplicative habeas

petition in the hope of someday finding a court that is amenable to the claims being raised."

*Giffen v. Warden FMC Rochester*, No. 25-CV-0292 (PJS/DTS), 2025 WL 1368624, at *1

(D. Minn. Jan. 30, 2025). Doing so is an abuse of the writ, and an abuse of the writ is basis

enough to dismiss a habeas petition. *See, e.g., Zuniga-Hernandez v. Reese*, No. 02-CV-

0718, 2002 WL 31553539, at *1-2 (D. Minn. Nov. 14, 2022) (citing *McCleskey v. Zant*,

499 U.S. 467, 490 (1991)).[1] There was no good reason for Abdikarim to have filed this

latest habeas action when his prior, substantively identical petition remains pending.

Finally, Abdikarim also challenges the ICE detainer from a different angle—not

only that it will lead to unlawful immigration detention in the future, but also that it

amounts to "cruel and unusual punishment" now, because it has resulted in MDOC

deeming him ineligible for certain programs while he is in prison. *See* Petition at 7

[Dkt. 1]. But Abdikarim has also raised this claim already through yet another habeas

petition, and that petition also remains pending. *See Abdikarim v. Schnell*, No. 26-CV-

2052 (JWB/ECW) (D. Minn. filed Mar. 26, 2026). Insofar as Abdikarim contends that the

ICE detainer might unlawfully affect the length of his state sentence, that claim can be

---

[1] Duplicative filings are also a basis upon which to restrict a litigant's ability to initiate new litigation absent prior judicial approval. *See In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988). Although this Court does not recommend imposition of such a filing restriction at this time, this Court does note that (1) Abdikarim has filed no fewer than four habeas petitions in this District since March 2026; and (2) Abdikarim has a long history of meritless litigation in federal court predating his conviction, so much so that he is now ineligible to proceed *in forma pauperis* in non-habeas civil proceedings, *see* 28 U.S.C. § 1915(g). Given that a substantially identical habeas petition from Abdikarim is already pending, this Court does not believe that the habeas petition now before the Court was filed in good faith. If Abdikarim continues to file similarly duplicative or otherwise meritless documents, his ability to continue initiating new proceedings may be restricted.

litigated in the proceeding in which he first brought the claim.  To the extent that Abdikarim alleges that the ICE detainer has resulted in the current conditions of his confinement being unlawful, such a claim could not be raised through a habeas petition.  *See Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014).  Abdikarim could proceed with such a claim only through a non-habeas civil action—for which Abdikarim will be required to pay the full, non-habeas filing fee of $405.00.  *See* 28 U.S.C. § 1915(g).

Accordingly, it is recommended that Abdikarim's habeas petition be denied without prejudice and this case dismissed.

**RECOMMENDATION**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.    The petition for a writ of habeas corpus of petitioner Zakariya Abdikarim [Dkt. 1] be **DENIED WITHOUT PREJUDICE**.

2.    This matter be **DISMISSED**.

Dated: May 1, 2026                    *s/Shannon G. Elkins*

                                       Shannon G. Elkins
                                       United States Magistrate Judge

**<u>NOTICE</u>**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).